UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 06 - 80064 CR Hurley/Vitunac

34



FILED by _____ D.C.

DEC 2 7 2006

CLERK  U.S.  DIST.  CT.
S.D.  OF  FLA.  ·  W.P.B.

UNITED STATES OF AMERICA,
      Plaintiff,
vs.
RAFAEL RAMIREZ, JR.,
      Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL

**COMES NOW**, the Defendant, pursuant to Fed. R. Crim. Pro. 16 and moves this Honorable Court to order the government to provide the defense with a mirror image of the alleged victim's computer drive in the above-styled cause submitting the following in support thereof:

1.    The Defendant is charged by Superseding Indictment with 2 (two) Counts of *Coercion and Enticement of a Minor By Means of Interstate Commerce*.

2.    The evidence in substantial part consists of computer discussions and interactions between the defendant and 2 (two) alleged victims. Law enforcement agents seized the defendant's and victims' computers during the criminal investigation.

3.    A forensic analysis was conducted on all three (3) hard drives with limited results compiled in the two (2) reports pertaining to the alleged victims' computer drives. The forensic analysis results from the defendant's computer has not been tendered to the defense.

4.    The defense retained a former United States Customs agent as its computer forensic expert to analyze the three (3) seized computers and hard drives. The defense also provided the government with (3) three blank hard drives as agreed upon between the parties for the purpose of duplicating the defendant's and alleged victims' computer drives.

5.    The government refused to duplicate one (1) computer drive for its victim. The drive contains

1

two (2) to four (4) naked images of a 17-year-old alleged victim. The drive also contains the naked image of a teenage or young adult unidentified male. Neither image consists of sexual acts or are prurient in nature. The government, nonetheless, contends that the images consist of child pornography.

6.     The defense's computer expert was therefore required to travel to West Palm Beach, Florida, to examine the computer drive that contained the images above. Following two (2) days of on site examination by the defense expert, agents from United States Customs and the defense agreed that the computer drive would be duplicated without the images in question for the purpose of continuing trial preparation. The agents were permitted to carefully review the disk drive and then agreed to forward same by United States mail to the defense's computer expert.

7.     The agents did not mail the drives as agreed upon but, rather, contacted the defense with only some of the duplicated computer disk drive information being available for use on Tuesday, December 12, 2006. The defense retrieved the computer drive information that was finally relinquished by the government on December 13, 2006 and forwarded same to its computer expert.

## MEMORANDUM OF LAW

Not all nude pictures of children are child pornography: Only images containing "lascivious exhibition of the genitals or pubic area" qualify. *18 U.S.C. § 2256(8)*. There has been no such finding that the images are, in fact, pornographic in nature. The subjects are naked and they appear to be below the age of majority. Neither individual is posing in a lascivious manner. The images appear to have been taken by the subjects themselves and

2

were being maintained in one of the alleged victim's hard drives. Even if the images did, in fact, qualify as child pornography, this alone would not justify withholding the entire hard drive. The defendant would also contend that the withheld computer drive contains exculpatory evidence that significantly impacts the theory of defense. The prosecution has an affirmative duty to reveal evidence that is material to either guilt or punishment, irrespective of the good or bad faith of the prosecution. *See Brady v. Maryland*, 373 U.S. 83 (1963).

In addition, the defendant will be seriously prejudiced if his expert and counsel do not have copies of the materials. The defense cannot provide the defendant with competent representation unless counsel and his expert have ready access to the materials that will be the heart of the government's case. The government's proposed alternative of permitting the defense expert to analyze the media in their lab at scheduled times in the presence of a government agent has proven to be inadequate. The defense expert needs to use his own tools in his own lab. The expert can not be expected to complete his entire forensic analysis in one visit to the government's lab. *See U.S. v. Hill*, 322 F. Supp. 2d 1081 (C.D. Cal. 2004). The *Hill* court rejected this argument when the government insisted that the defense view purported electronic child pornographic media at the FBI office using FBI equipment as the images in question were contraband child pornography. Moreover, requiring the defense to conduct tests under the scrutiny of the government compromises confidentiality. First, the undersigned defense counsel would not be able to consult freely with its expert during the review of the material. Second, and more importantly, any tests or image views conducted on the government's equipment, or, which are inspected on the expert's equipment leaves a

3

roadmap of the defense's process. *See Frabizio, infra.*

In *United States v. Frabizio* relying upon *Hill* for a "well-reasoned" opinion as guidance, the district court granted the defense's motion for production of discovery pertaining to alleged images of child pornography on a computer hard drive and "Encase files." The court opined that the government's concerns about the risk of further dissemination could be adequately addressed by a protective order. *See U.S. v. Frabizio*, 341 F. Supp. 2d 47 (Mass. 2004).

The undersigned as well as the district court in *United States v. Cadet* recognizes that good cause exists to restrict the unregulated discovery of computer files containing purported child pornography. The court in *Cadet*, nonetheless, stated that it is the *government's obligation to demonstrate that good cause exists to preclude copying the files in its possession. See U.S. v. Cadet*, 423 F. Supp. 2d 1 (E.D. New York). The court declined to equate the use of the files by the defense counsel for the preparation of a defense with "continued circulation." In granting the defense's motion to produce copies of seized computer files the court stated:

> The court sees no reason to support the implication
> there is a greater risk in granting defense counsel a
> copy of the files for the preparation of its defense
> under suitable protective order than exists in the govern-
> ment's maintenance and use of the files in preparation
> of its own case. *See id.*

Federal Rule of Criminal Procedure 16 unequivocally requires the government to allow the defense to inspect and copy data and tangible objects if the items are within the government's possession, custody or control where such items are material to the defense, or,

the government intends to use the items in its case-in-chief. *See Fed R. Crim. Pro.* 16(a)(1)(E).

The defense also contends that it would be prejudiced by not being provided with unfettered access to the hard drive. The government has withheld the hard drive *in its entirety* from the defense relying upon preservation of child pornography from being disseminated. The defense is unable to examine the hard drive to determine whether the defendant, as asserted in the superseding indictment, communicated with the victim through interstate commerce. This is particularly critical as a review of the forensic report by the defense's computer expert that was obtained from the government for the hard drive in question appeared to be inconsistent with the expert's review of the drive at the government's offices. Reliance upon access at the will and convenience of the government is impractical as the defense would be prevented from working with the hard drive during the trial or when the defense needed to refer to information other than the alleged child pornography located on the drive.

Finally, the defense simply can not counsel the defendant on the strategic issue of his own testimony at trial. If the defendant elects to testify the defense is unable to effectively prepare the defendant to present his testimony or field examination questions by opposing counsel for the government.

**WHEREFORE** the defense, would move this Honorable Court to grant the foregoing motion to compel and to issue a protective order permitting the defense to obtain a mirror image copy of the seized hard drive.

**Date:** December 22, 2006

Respectfully submitted,
West Palm Beach, FL

Kevin R. Anderson, Esq.
Florida Bar Number: 0044857
Juristfla@Bellsouth.net
515 Flagler Drive, Ste., P300
West Palm Beach, FL 33401
561) 832-3386 Office
561) 471-0809 Fax

Attorney for Defendant, Rafael Ramirez, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this **22nd**

day of **December,** 2006  by mail on all counsel of record on the attached service list.

6

## SERVICE LIST

**Case No.** 06 - 80064 CR Hurley/Vitunac

AUSA Lothrop Morris, Esq.
Florida Bar Number: 0095044
500 S. Australian Avenue, 4th Floor
West Palm Beach,  FL 33401
(561) 209-1013 Office
(561) 659-4526 Fax
Attorney for the United States

Kevin R. Anderson, Esq.
Florida Bar Number: 0044857
515 Flagler Drive, Ste. P300
West Palm Beach, FL 33401
(561) 832-3386 Office
(561) 471-0809 Fax
Attorney for Defendant