UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80034-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

v.

RAFAEL RAMIREZ,

      Defendant.

_____/

### GOVERNMENT'S MOTION AND NOTICE OF INTENT TO PRESENT EVIDENCE UNDER FED.R.EVID. 404(b)

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney, and hereby provides notice to counsel for the defendant of the United States' intent and motion to introduce evidence and testimony with respect to similar crimes of another offense.

Notice is hereby given that the government seeks to introduce this evidence or portions thereof, under Federal Rule of Evidence 404(b), in that statements made and/or acts committed by defendant Rafael Ramirez, Jr.("Ramirez") constitute evidence of the defendant's commission of another offense or offenses, to wit, violations of Title 18, United States Code, Sections 2422(b).

### I.    The Testimony

W-1 will testify that he had RAMIREZ as a teacher at the beginning of his junior year, 2 years ago.  RAMIREZ asked the students to call him "Raf".  W-1 was not sure how RAMIREZ got his E-mail address but, after RAMIREZ would see him in school with his girl friend,  RAMIREZ would send him E-mails like," Your girlfriend is hot!" and would want to know what was going on

sexually with her.  W-1 would ask RAMIREZ not to do that.  RAMIREZ even asked him," When was the last time you got laid?" W-1 would often "make up stories just to get rid of him".  It finally got to the point were RAMIREZ  "became too perverted" that W-1 changed his screen name so RAMIREZ would no longer contact him via computer.

Sometime during the end of 2004, W-1 introduced his 24 year-old sister to RAMIREZ. RAMIREZ communicated with her via computer, sending her E-mails talking about "licking your pussy".   They went out on one date.   She told her brother that RAMIREZ called himself the "Cuban Machine" and that he was very immature.  They had no other dates.

W-1 stated during the end of his junior year (2005) he was a member of the drum corp. RAMIREZ was the assistant band director and was in charge during a drum corp event in Tampa. During the trip, RAMIREZ, W-1 and another student W-2 were in the vehicle together.  W-2 took RAMIREZ's laptop, opened it and viewed the "Paris Hilton Video".

W-1 said he had been to RAMIREZ's house on two occasions.  The second trip occurred sometime late in the summer of 2005.  W-1 said W-3 and CV-2 accompanied him.  RAMIREZ told the three students  to tell his parents, they were his friends from college.  During this visit CV-2 got in RAMIREZ's hot tub.  While she was in the hot tub, RAMIREZ massaged her neck and shoulder. It is CV-2 recollection that CV-2 took off her top.

Prior to this visit, W-1 and CV-2 had been dating but during the timeframe of the  hot tub incident, they were just friends and hanging out together.  RAMIREZ expressed an interest in CV-2 to W-1.  W-1 told CV-2 that "Raf" was interested in her and that he was also interested in sex.

RAMIREZ did tell W-1 that he had conversations with CV-2 both online and by telephone but did not give any details of the subject matter.  W-1 also said that during the beginning of the

school year (2005) that RAMIREZ's and CV-2's clothes would match.  The color combinations would be the same on many occasions.

W-1 said that CV-2 told him she was communicating with RAMIREZ via computer and the conversations were about sex.  W-1 also said that during the end of year (2004-2005) band banquet RAMIREZ was text messaging a student, CV-3, who was sitting at another table.  W-1 was sitting at the same table as CV-3.  CV-3 was telling everyone at the table that RAMIREZ was asking her to leave the banquet with him to have sex.  W-1 text messaged Ramirez and told him to "shut up".  RAMIREZ text messaged CV-3 back asking her, "who is talking?".

## II.  <u>Rule 404(b) Evidence</u>

The government intends to offer the above evidence pursuant to <u>Fed</u>.<u>R</u>.<u>Evid</u>. 404(b) in its case-in-chief and/or rebuttal case at trial.  Ramirez' prior sexual history is admissible at trial pursuant to <u>Fed</u>.<u>R</u>.<u>Evid</u>. 404(B) to show his intention, preparation, and plan to use his position as a teacher to attempt to persuade, entice or induce a minor to engage in sexual activity that constitutes statutory rape under Florida law.

## III.  <u>Inextricably Intertwined Evidence</u>

## A.  <u>The Evidence</u>

### 1.  <u>Computer Evidence</u>

#### a.  <u>Evidence from Ramirez' Computer</u> –  A Palm Beach County Sheriff's Office forensic computer expert has recovered computer files consisting of chats and instant messaging evidence.  It is the government's position that while some of the evidence is not criminal in nature, it is probative to Ramirez' intent and motivation to engage in sexual activity with minors.

   **b.**  <u>**Ramirez' AOL and MySpace Account**</u> -- The Government also recovered evidence of screen names and communications and images regarding minors from Ramirez' AOL and Myspace account.  These communications and images were located in Ramirez' accounts .  The government does not actually believe that these communications and images of minors constitute 404(b) evidence because they are inextricably intertwined with the charged offense.  However, in an abundance of caution, the government hereby files this notice of intent to introduce this evidence at trial.  The government believes that for the same reasons stated above, the Court should allow the government to introduce the communications and images of minors found on Ramirez' AOL and My space account.

   **c.**  <u>**E-mails and Chats**</u>  -- The forensic analysis also revealed pieces of e-mail and chat correspondence in the unallocated space on Ramirez' computer hard drive and CV-1's hard drive.  Some of these correspondence document Ramirez' communications with undercover agents and others document his conversations with CV-1 and/or CV-2.  Some of these correspondence are the basis of the charged offenses.  Other correspondence are related to other minors and the government intends to introduce these correspondence to demonstrate Ramirez' intention, preparation, and plan to attempt to persuade, induce and entice minor females to engage in sexual activity for which any person could be charged with a criminal offense under State or Federal law.

B.      **The Legal Analysis**

It is essential that the true history of Ramirez' predatory behavior be presented in order that the jury may understand this case.  In summary, Ramirez preys upon his students at school for his own sexual gratification and attempts to entice minor females to engage in sexual activity with him.

It is well settled in the Eleventh Circuit that evidence is not extrinsic evidence subject to Fed.R.Evid. 404(b) if it is "inextricably intertwined" with evidence regarding the charged offense, and it is an essential part of the chain of events explaining the context and motive of the charged offense or is necessary to complete the story of the crime for the jury.  United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir. 1992), cert. denied. 113 S.Ct. 1020 (1993)(finding that evidence of double homicide was "inextricably intertwined" with offense of illegal possession of firearm).

Although Rule 404(b) is not applicable to the review of "inextricably intertwined" evidence, such evidence may be excluded pursuant to Fed.R.Evid. 403 if unfair prejudice "substantially outweighs" the probative value of said evidence.  In Fortenberry, the Court found that evidence of a double homicide did not cause unfair prejudice which substantially outweighed the evidence's probative value in a case involving the unlawful possession of a firearm.  In considering the question of prejudice, the Court noted that Rule 403 does not address "whether evidence is prejudicial in and of itself, but whether the probative value "is substantially outweighed by the danger of unfair prejudice."'  Fortenberry, 971 F.2d at 721, quoting FRE 403 (emphasis added).  Significantly, the Court reiterated its precedent that

> Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence.' . . . The balance under the Rule, therefore, should be struck in favor of admissibility.

Fortenberry, 971 F.2d at 721, quoting United States v. Norton, 867 F.2d 1354, 1361 (11th Cir.), cert. denied, 493 U.S. 871 (1989)(emphasis added).  In reaching its Rule 403 conclusion, the court specifically rejected the defendant's claim that the homicide evidence was unnecessary because there was ample proof of an unlawful firearm possession stating: "we decline to hold that the government must proffer only enough evidence to allow a jury to convict, but no more.  Fortenberry, 971 F.2d at 722.

In the instant case, Ramirez' repeated illicit sexual activity at school or in connection with school functions falls within the inextricably intertwined doctrine.  It is necessary to explain the context and motive for the charged offenses and is necessary to complete the story of the crimes charged.  There is no "unfair prejudice" arising from this evidence which "substantially outweighs" its probative value.

Accordingly, the government does not believe that the above similar fact evidence constitutes 404(b) evidence because it is inextricably intertwined with the charged offense.  However, in an abundance of caution, the government hereby files this notice in the alternative that it intends to offer the above similar fact evidence pursuant to Fed.R.Evid. 404(b) in its case-in-chief and/or rebuttal case at trial.

**Conclusion**

**WHEREFORE**, the United States respectfully requests that this Court admit the above

evidence pursuant to Rule 404(b).


Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY


 s/  LOTHROP MORRIS

By: LOTHROP MORRIS
     ASSISTANT U.S. ATTORNEY
     Florida Bar # 0095044
     500 Australian Avenue, Suite 400
     West Palm Beach, FL 33401
     (561) 820-8711
     (561) 820-8777 (FAX)
     LOTHROP.MORRIS@USDOJ.GOV

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.


By: s/ LOTHROP MORRIS
LOTHROP MORRIS
ASSISTANT U.S. ATTORNEY

## SERVICE LIST

**United States v. RAFAEL RAMIREZ, JR.**
**Case No. 06-80034-Cr-Hurley/Vitunac**
**United States District Court, Southern District of Florida**

Lothrop Morris
Assistant U.S. Attorney
Lothrop.Morris@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 820-8777
Attorney for United States
[Service via CM/ECF]

Kevin R. Anderson, Esq.
Kevin R. Anderson, PA.
juristfl@bellsouth.net
515 Flagler Blvd., Ste P300
West Palm Beach, FL 33403
Telephone: (561) 832-3386
Facsimile: (561) 471-0809
Attorney for Defendant Rafael Ramirez, Jr.
[Service via CM/ECF]